Matter of Cole (2023 NY Slip Op 03662)

Matter of Cole

2023 NY Slip Op 03662

Decided on June 30, 2023

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, AND BANNISTER, JJ. (Filed June 30, 2023.) 

&em;

[*1]MATTER OF RICHARD W. COLE, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of censure entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on February 12, 1980, and he maintains an office in Williamsville. In March 2023, the Grievance Committee filed a petition asserting against respondent certain charges of professional misconduct, including failing to act with diligence in a client matter and failing to adequately respond to a client's reasonable requests for information. In lieu of respondent filing an answer to the petition, the parties filed a joint motion for discipline by consent wherein respondent conditionally admits that he has engaged in certain acts of professional misconduct and the parties request that the Court enter a final order imposing the sanction of public censure.
Respondent conditionally admits that, in September 2020, he accepted a retainer fee in the amount of $1,500 to represent a client in an action for divorce. Respondent admits that, in February 2021, he arranged for the client to execute certain documents related to the proceeding and, when the client made subsequent requests for an update on the status of the matter, respondent advised the client that he had been too busy to address her case. Respondent admits that, in July 2021, he arranged for the client to execute additional documents, after which he told the client that all necessary paperwork had been filed with the appropriate court and that he expected to receive a signed order within one week. Respondent admits that, from August through November 2021, the client made numerous requests for an update regarding her case, and respondent failed to respond to certain of those requests. Respondent admits that, when he did respond, he suggested to the client that any delay was attributable to administrative issues with the court. Respondent admits that his lack of diligence in pursuing the client's objectives resulted in negative financial implications for the client, including a loss of certain income tax deductions or real property tax rebates. Respondent also admits that, over the course of his representation of the client, he provided to the client only one billing statement for the matter.
We grant the joint motion of the parties, find respondent guilty of professional misconduct, and conclude that his admissions establish that he has violated the following provisions of the Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.4 (a) (4)—failing to adequately respond to a client's reasonable requests for information;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
We also conclude that respondent has violated 22 NYCRR 1400.3, which requires that, when a lawyer is retained in a domestic relations matter, the lawyer must provide to the client itemized billing statements at least every 60 days.
In imposing the sanction requested by the parties in the joint motion, we have considered the nature of respondent's admitted misconduct and his grievance history, which includes three admonitions and five non-disciplinary letters of caution. Accordingly, after consideration of all of the factors relevant to this matter, we conclude that respondent should be censured.